UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LINDA BRESEE,            ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| vs.                     ) | Case No. 1:12-CV-160 SNLJ |
| ) | |
| WAL-MART STORES EAST, L.P., et al.,  ) | |
| ) | |
| Defendants.         ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; however, the party seeking removal has burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The Notice of Removal (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Petition alleges that defendant "Wal-Mart Stores East, L.P. is a citizen of Delaware and Arkansas."

The Eighth Circuit has held that limited liability companies and limited partnerships are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). The defendant, a limited partnership, has apparently addressed its citizenship like that of a corporation, not a limited partnership, and thus it has not alleged its citizenship adequately.

Because it is the defendant's burden in this case to establish subject matter jurisdiction, *In re Business Men's Assur. Co. of America*, 992 F.2d at 183, the Court will grant defendant twenty-one (21) days to file an amended petition which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If defendant fails to timely and fully comply with this Order, the Court will remand this matter for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by October 10, 2012, defendant shall file an amended removal petition which shall allege facts establishing the citizenship of each of Wal-mart Stores East, L.P.'s members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this   19th   day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE