UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LINDA BRESEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )  Case No. 1:12-CV-160 SNLJ |
| | ) |
| WAL-MART STORES EAST, L.P., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM

This personal injury action was brought by plaintiff in the Circuit Court of Stoddard County, Missouri. Plaintiff alleges that she slipped and fell at the Dexter, Missouri Wal-Mart store and sustained serious injuries. Plaintiff named as defendants the store's owner, Wal-Mart Stores East, L.P., and the store's manager, Debbie Juden. Wal-Mart removed the case to federal court citing diversity jurisdiction and arguing that, although Debbie Juden is a Missouri resident, she should be dismissed from this matter as having been fraudulently joined (#1). Plaintiff filed a Motion to Remand (#10), which has been fully briefed and is now ripe for disposition.

**I.    Background**

According to the complaint, the plaintiff fell when the wheel of her cart got caught on a bunched up rug at the store's main entrance. She alleges that defendant Juden is the store manager and was responsible for the store's day-to-day business operations and physical conditions. She alleges that "Defendants" knew, or by the use of ordinary care, should have known, that the dangerous condition existed. Further, plaintiff alleges that Wal-Mart and Juden were negligent in the following ways:

- negligently failed to maintain the area at the front entrance to prevent the rugs from rippling, rolling, bunching, and/or sticking up.

- negligently failed to adequately remove the rug

- negligently failed to adjust the rug when it began rippling, rolling, bunching, and/or sticking up.

- negligently failed to adequately warn of the rug that was rippling, rolling, bunching, and/or sticking up, and

- negligently failed to inspect the premises for potential hazards, including the rippling, rolling, bunching, and/or sticking up of area rugs, especially the rugs near the front entrance to the store.

Plaintiff seeks damages in an unspecified amount.  She does not appear to contest that her damages are in excess of the $75,000 jurisdictional threshold, however.

**II.     Legal Standard**

The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).  Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Where a defendant is joined solely to deprive federal courts of jurisdiction, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir.

2

1983).  "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Id.*  However, in determining whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant.  13F Charles Alan Wright, Arthur Miller, & Edward Cooper, *Federal Practice and Procedure* § 3641.1 (3d ed. 2009); *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187-88 (E.D. Mo. 1995); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (noting that relevant inquiry for fraudulent joinder is whether plaintiff might have claim under state law against defendant, not content of pleadings themselves).

### III.   Discussion

Plaintiff contends that because a reasonable basis in law supports her claim against defendant Juden, Juden has not been fraudulently joined, and remand is required.  Missouri law recognizes certain circumstances under which an employee may be held personally liable to a third party:

> First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.

*State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992) (citations omitted) (*quoted in Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 921 (E.D. Mo. 2003)).  Defendants argue that Juden can not be liable for plaintiff's injuries because she did not witness the accident,

did not take any accident reports, has never seen or spoken to plaintiff, and was not made aware of the accident until after the accident.  Defendants also argue that plaintiff does not allege that Juden had any individual duty of care to plaintiff.  Defendants misunderstand or misapply Missouri law, however.  Even if this Court took into considering defendant Juden's affidavit, which states that she had no control over the front of the store where plaintiff was hurt, courts in this district have held that well-crafted pleadings have stated claims even against defendant store managers who were not present on the day of the subject incidents.  *See, e.g.*, *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1149 (E.D. Mo. 2004); *Augustine*, 259 F. Supp. 2d at 922; *but see Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185 (E.D. Mo. 1995) (holding that store manager defendant had been fraudulently joined where plaintiff could not provide any factual basis to support that defendant had requisite knowledge to support a claim).  In *Augustine*, for example, the plaintiff had alleged that the store manager was responsible for maintaining the parking lot in which plaintiff was injured.  259 F. Supp. 2d at 922.  The defendant store manager — who, like here, was a diversity-destroying resident defendant — averred that he was neither present at the time of the injury nor did he have notice of any dangerous condition.  *Id.* at 920.  The court nonetheless held that plaintiff's specific allegations satisfied the pleading standard and that store manager had "not shown that he has no real connection to the controversy," so the store manager was not fraudulently joined.  *Id.* at 922.

      Although this Court has previously dismissed fraudulently-joined store managers who were not alleged to have the requisite knowledge necessary to make a claim against them,[1]

---

[1] *See, e.g., Bradley v. Wal-Mart Stores, Inc.*, No. 1:11-cv-76 SNLJ, 2011 WL 3471006 (E.D. Mo. August 8, 2011).

plaintiff here has adequately pleaded state law claims against the individual resident defendant. Missouri law imposes liability either where "an employee has or assumes full and complete control of his employer's premises," or where the employee does not have complete control of the premises but "breached his legal duty or been negligent with respect to something over which he did have control." *State ex rel. Kyger*, 831 S.W.2d at 956.  Plaintiff states specifically that defendant Juden "was responsible for the day-to-day business operations and physical conditions of" the store and that both defendants "knew, or by the use of ordinary care, should have known that" the dangerous condition existed.  Plaintiff's pleading adequately states a claim against Juden under Missouri law, so Juden's presence in this action defeats diversity jurisdiction. Furthermore, the Court notes that any doubts about the propriety of removal are resolved in favor of remand.  *Transit Cas. Co.*, 119 F.3d at 625; *see also Junk v. Terminix Intern. Co.*, 628 F.3d 439, 446-47 (8th Cir. 2010) (reversing district court's denial of remand and holding that there was "arguably a reasonable basis for predicting" that state law might impose liability on resident defendant).  As a result, this Court will remand this matter to the Circuit Court for Stoddard County, Missouri.

      Plaintiff requests that defendant be ordered to pay plaintiff's reasonable attorneys' fees and costs in connection with her motion to remand.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The award of fees under this section "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

5

reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.  This Court will thus deny plaintiff's request for attorneys' fees.

### IV.   Conclusion

Plaintiff's motion to remand is granted in part and denied in part.

Dated this  10th   day of January, 2013.

                                                           STEPHEN N. LIMBAUGH, JR.
                                                           UNITED STATES DISTRICT JUDGE